IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL CURTIS REYNOLDS,

       Plaintiff,

v.                                            Civil Action No.  5:17cv150

SIS LT. VANDERVENDER;
SIS LT. W. MULLINS; HELEN
ALTMEYER, U.S. Attorney
Employee; TARA TIGHE. U.S.
Attorney employee,

       Defendants.

## REPORT AND RECOMMENDATION

Plaintiff initiated this *pro se* civil action on September 29, 2017, by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation*.[1] Plaintiff alleges that Defendant Vandervender groped his groin area and threatened to rape him. Plaintiff alleges that Defendant Mullins entered "fabricated video evidence" in Civil Action No. 1:17cv124 regarding the incident involving Vandervender. With respect to Defendants Altmeyer and Tighe, he alleges that they submitted the fabricated video evidence in Civil Action No. 1:17cv124.[2] Plaintiff makes no demand for

---

[1] 403 U.S. 288 (1971).

[2] Plaintiff filed Civil Action Number 1:17cv124 on July 17, 2017. It is a habeas action pursuant to 28 U.S.C. § 2241 which challenges his conviction and sentence in the United States District Court for the Middle District of Pennsylvania. On September 7, 2017, Plaintiff filed a letter in that case which   was construed as a Motion for Transfer and/or Motion for Temporary Restraining Order. ECF No. 14. In it, he alleged that an employee there attempted a sexual assault upon him, which he refused. Plaintiff further contended that "he cannot remain on property with this assail[]ant. I must, for safety, be removed from Gilmer. Immediately." ECF No. 14 at 2.Finally, Plaintiff contended that he was "given a false charge after refusal [of this sexual assault]." *Id.* On September 13, 2017, an Order was entered directing that Respondent to provide a response to Petitioner's allegation of imminent danger within seven days. ECF No. 15. On September 20, 2017, Respondent, through counsel, filed his response and  exhibits. ECF No.18.  On September 21, 2017, Respondent filed a Notice of Supplemental Evidence [ECF No. 20] with an

1

relief. Simultaneously with his complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

---

exhibit which is a Declaration by Henry Mullins which details what the surveillance video from August 24, 2017 reveals with respect to Petitioner's allegations of sexual assault. It is the video described in the declaration which the undersigned believes the Plantiff, in the instant case, claims is fabricated.

2

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that three of Plaintiff's prior civil cases qualify as strikes under this provision. *See Reynolds v. Lackawana County* Prison, Civil Action No. 4:06-cv-1190 (M.D. Pa. July 7, 2006) (complaint *sua* sponte dismissed as frivolous); *Reynolds v. Gurganus, et al.,* Civil Action No. 4:06-cv-1753 (M.D. Pa. Sept. 11, 2006) *(sua sponte* dismissal on grounds that complaint is frivolous*); Reynolds v. Kosik, et al.,* Civil Action No. 4:06cv2466 (M.D. Pa. Jan. 18, 2007) (complaint *sua* sponte dismissed as frivolous.

While the PLRA includes an exception to the section 1915 (g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. The undersigned acknowledges that the Plaintiff has written "Imminent Danger Claim" across the front of his complaint. However, clearly a conclusory allegation does not suffice. Moreover, and most telling, the undersigned notes that Plaintiff filed an Emergency Restraining Order on November 16, 2017, in Civil Action No. 1:17cv124 indicating there was an active attempt to remove him from FCI Gilmer which "must be prevented." ECF No. 44 at 1. Clearly, if Petitioner truly believed that he was in imminent danger, he would welcome a transfer out of FCI Gilmer and away from Vandervender. Accordingly, Plaintiff fails to establish facts that he is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule.

For the foregoing reasons, the undersigned recommends Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g), and his pending Motion for Leave to Proceed in forma pauperis [ECF No. 2], Motion to Transfer/Close

Case[3] [ECF No. 7] and Motion for Judicial Notice [ECF No. 8][4] be **DENIED** The undersigned further recommends that Plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must refile the complaint with payment of the $400 filing fee.

Within 14 days after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this court based upon such recommendation. 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

IT IS SO ORDERED.

The Clerk is DIRECTED to mail a copy of this report and recommendation to Plaintiff by certified mail, return receipt requested to his last known address as shown

---

[3] Plaintiff alleges that there has been a filing error and contends that this matter is already open under 1:17cv159. However, the docket in that case, which was opened on September 21, 2019, clearly establishes that a Notice of Deficient Pleading and Intent to Dismiss was entered in that case. Subsequent to the filing of the instant case, the Honorable Irene M. Keeley entered an Order dismissing 1:17cv159 on October 23, 2017. Furthermore, there is nothing in the pleadings in that closed case that establishes a threat of imminent danger of serious physical injury sufficient to overcome the 3 strikes accumulated by Plaintiff.

[4] Plaintiff is referencing both Civil Action No. 1:17cv124 and 1:17cv159 and arguing that the "records" in those cases establish that Defendant Mullins perjured himself. In addition, he has attached a medical record from September 19, 2017, describing Plaintiff's allegation that a staff member grabbed and squeezed his scrotum on August 24, 2017. Again, nothing in that pleading is sufficient to establish that Plaintiff is at risk of imminent danger of serious physical injury.

on the docket sheet. Upon entry of this Report and Recommendation, the clerk of court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: December 22, 2017.

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE