IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL CURTIS REYNOLDS,

      Plaintiff,

v.                                 Civil Action No. 5:17CV150
                                            (STAMP)

SIS LT. VANDERVENDER,
SIS LT. W. MULLINS,
HELEN ALTMEYER,
U.S. Attorney Employee
and TARA TIGHE,
U.S. Attorney Employee,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE,**
**DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS,**
**DENYING MOTION TO TRANSFER OR CLOSE CASE,**
**DENYING MOTION FOR JUDICIAL NOTICE AND**
**DISMISSING PLAINTIFF'S CASE WITHOUT PREJUDICE**

I.   Background

The pro se[1] plaintiff, Michael Curtis Reynolds, filed this

civil action asserting claims under Bivens v. Six Unknown Federal

Narcotics Agents, 403 U.S. 388 (1971).  Plaintiff alleges that

defendant Vandervender groped his groin area and "also [made] a

threat of rape."  ECF No. 1 at 7.  Plaintiff also alleges that

defendant Mullins entered "fabricated video evidence" in Civil

Action No. 1:17CV124 regarding the incident involving Vandervender.

---

    [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1416 (10th ed. 2014).

With respect to defendants Altmeyer and Tighe, plaintiff alleges that they submitted the fabricated video evidence in Civil Action No. 1:17CV124. For relief, plaintiff wrote on the face of the complaint: "Punitive Damages [and] Jury Trial." ECF No. 1.

Thereafter, plaintiff then filed a letter motion (ECF No. 7) stating that there "is some filing error here" with another civil action number and requests that this case be transferred or consolidated with another civil action number. ECF No. 7. Plaintiff also filed a "Motion Under F.R.Evid. Judicial Notice" (ECF No. 8), stating that the Court is "mandated" to accept facts previously provided "in parent case 17-cv-0124." ECF No. 8 at 1. Plaintiff requests a "hearing be held immediately as risk of physical harm remains ongoing." ECF No. 8 at 2.

This civil action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

United States Magistrate Judge James E. Seibert entered a report and recommendation. ECF No. 9. The magistrate judge found that the Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs. ECF No. 9 at 2. The magistrate judge's "review of PACER,

the nationwide database maintained by the federal courts, indicates that three of plaintiff's prior civil cases qualify as strikes under this provision." Id. The magistrate judge found that while the PLRA includes an exception to the § 1915 (g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. Magistrate Judge Seibert states that the "plaintiff fails to establish facts that he is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule." ECF No. 9 at 3. The magistrate judge recommended that plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915 (g), and his pending motion for leave to proceed in forma pauperis (ECF No. 2), motion to transfer/close (ECF No. 7), and motion for judicial notice (ECF No. 8) be denied. The magistrate judge further recommends that plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must re-file the complaint with payment of the $400.00 filing fee. ECF No. 9 at 4.

The magistrate judge informed the plaintiff that "[w]ithin 14 days after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections." ECF

No. 9 at 4. The plaintiff did not file objections to the magistrate judge's report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III.  Discussion

In his report and recommendation, the magistrate judge first correctly found that the Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs, and that three of plaintiff's prior civil cases qualify as strikes under this provision. While the magistrate judge noted that the PLRA includes an exception to the § 1915(g) filing restriction if the prisoner is under imminent danger of serious physical injury, and that the plaintiff here has written

4

"Imminent Danger Claim" across the front of his complaint, that exception cannot apply in this case. As the magistrate judge posited, a clearly conclusory allegation does not suffice. Further, rather than welcoming a transfer out of FCI Gilmer and away from defendant Vandervender and the alleged "imminent danger," plaintiff filed an Emergency Restraining Order on November 16, 2017, in Civil Action No. 1:17CV124 and indicated that there was an active attempt to remove him from FCI Gilmer which "must be prevented" (ECF No. 44 at 1). Thus, as the magistrate judge properly concluded, the plaintiff has failed to establish facts that he is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule.

The magistrate judge properly concluded that the plaintiff's claims against the defendants should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), and that plaintiff's pending motions should be denied.

Furthermore, the magistrate judge correctly determined that the plaintiff should be advised that if he wishes to pursue the allegations raised in the instant complaint, he must re-file the complaint with payment of the $400.00 filing fee. ECF No. 9 at 4.

This Court finds no error in any of the above determinations of the magistrate judge and thus upholds his rulings.

IV. <u>Conclusion</u>

Because the plaintiff did not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 9) is hereby AFFIRMED and ADOPTED in its entirety.

Accordingly, plaintiff's claims against the defendants are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), plaintiff's pending motion for leave to proceed in forma pauperis (ECF No. 2) is DENIED, plaintiff's motion to transfer/close (ECF No. 7) this civil action is DENIED, and plaintiff's motion for judicial notice (ECF No. 8) is DENIED.

Furthermore, the plaintiff is advised that if he wishes to pursue the allegations raised in the instant complaint, he must re-file the complaint with payment of the $400.00 filing fee.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

6

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     January 18, 2018


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE